UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JASON WYATT ENGEL,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL EZELL, et al.,<br><br>Defendants. | Case No. 26-cv-11528<br><br>Honorable Robert J. White |

**ORDER OF DISMISSAL FOR LACK OF SUBJECT MATTER JURISDICTION**

Jason Wyatt Engel commenced this *pro se* action under 42 U.S.C. § 1983 and Michigan law against Michael Ezell, MT Legal Services, and Great Lakes Towing and Recovery. (ECF No. 1). His proposed second amended complaint identifies the latter defendant as Great Lakes Recovery and Repossession, Inc. (ECF No. 25, PageID.209). The action challenges the court-authorized repossession of Engel's 2024 Ford Explorer on April 28, 2026. Although Engel characterizes his claims as challenges to Defendants' conduct, his underlying contention is that repossession should not have proceeded until the last pending state-court claim was resolved, even though the state court had authorized repossession while that claim remained pending. (*Id.* at PageID.216–217, ¶¶ 39–48, PageID.225, ¶¶ 93–93A). After

reviewing Engel's allegations, including those in his proposed second amended complaint, the Court finds that it lacks subject matter jurisdiction to entertain this litigation.

Collateral attacks on state court decisions are barred under the *Rooker-Feldman* doctrine. The doctrine "is jurisdictional and therefore may properly be raised by the court sua sponte." *Neff v. Flagstar Bank, FSB*, 520 F. App'x 323, 326 (6th Cir. 2013); *see also Saker v. Nat'l City Corp.*, 90 F. App'x 816, 818 n.1 (6th Cir. 2004).

By way of background, the United States Court of Appeals for the Sixth Circuit has explained:

> In *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), the Supreme Court held that federal court review of state court proceedings is jurisdictionally limited to the Supreme Court of the United States by 28 U.S.C. § 1257. *See also Patmon v. Michigan Sup. Ct.*, 224 F.3d 504, 506 (6th Cir. 2000). We refer to this doctrine as the *Rooker-Feldman* doctrine. *See also Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). The *Feldman* Court stated that "United States District Courts . . . do not have jurisdiction . . . over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional. Review of those decisions may only be had in this Court." *Feldman*, 460 U.S. at 486; *see also Anderson v. Charter Township of Ypsilanti*, 266 F.3d 487, 492 (6th Cir. 2001). In a more recent decision, the Supreme Court restated the doctrine as follows: "under [the doctrine] a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment

> itself violates the loser's federal rights." *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994).

*Tropf v. Fidelity Nat. Title Ins. Co.*, 289 F.3d 929, 936-937 (6th Cir. 2002) (footnote omitted).

The key inquiry when deciding whether to apply the *Rooker-Feldman* doctrine is "whether the source of the injury upon which plaintiff bases his federal claim is the state court judgment." *Kovacic v. Cuyahoga Cnty. Dep't of Child. & Fam. Servs.*, 606 F.3d 301, 309 (6th Cir. 2010) (cleaned up). "If the source of the plaintiff's injury is the state-court judgment itself, then *Rooker-Feldman* applies." *VanderKodde v. Mary Jane M. Elliott, P.C.*, 951 F.3d 397, 402 (6th Cir. 2020). The doctrine also applies to interlocutory state-court orders. *RLR Investments, LLC v. City of Pigeon Forge*, 4 F.4th 380, 396 (6th Cir. 2021). Thus, the fact that the repossession order did not resolve all pending claims or close the state-court case does not preclude application of the doctrine.

Here, Engel seeks monetary relief for the loss of the Explorer, loss of its use, and related economic damages stemming from its repossession pursuant to a state-court order. (ECF No. 25, PageID.238–240, ¶¶ 178–187, PageID.240-41). Although he characterizes his claims as challenges to Defendants' conduct, his underlying contention is that repossession should not have proceeded while the remaining state-court claim was unresolved. (*Id.* at PageID.225, ¶¶ 93–93A). Granting relief on that theory would require this Court to reject the state court's determination authorizing

repossession despite the continuing litigation. Because the source of these purported injuries is "the state-court judgment itself," the *Rooker-Feldman* doctrine deprives this Court of subject matter jurisdiction to address Engel's claims. *VanderKodde*, 951 F.3d at 402; *see also RLR Investments, LLC*, 4 F.4th at 396 (applying the doctrine to an interlocutory state-court order granting possession of property). Accordingly,

IT IS ORDERED that the complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction. *See Doe v. Nessel*, No. 23-2097, 2025 U.S. App. LEXIS 2517, at *7-8 (6th Cir. Feb. 4, 2025) (stating that dismissal for lack of jurisdiction under the *Rooker-Feldman* doctrine must be without prejudice).

IT IS FURTHER ORDERED that Engel's application to proceed without prepaying fees or costs (ECF No. 2) and all pending motions (ECF Nos. 3, 6–10, 12–25) are **DENIED AS MOOT**.

IT IS FURTHER ORDERED that the Clerk of the Court is directed to close the case.

Dated: October 22, 2026

s/ Robert J. White
Robert J. White
United States District Judge